**Edwena R. HEGNA, et. al., Plaintiffs,**

v.

**ISLAMIC REPUBLIC OF IRAN, et. al, Defendants.**

**No. 18 MS 0302(JSR).**

United States District Court,
S.D. New York.

Jan. 14, 2004.

Judd Lawler, Asst. U.S. Atty., U.S. Attorney's Office, New York, NY, for defendants.

Eric Schneider, Woodstock, NY, for Parviz Sephabadi.

Richard E. Burns, New York, NY, for Ricard Feiner.

*MEMORANDUM ORDER*

RAKOFF, District Judge.

Plaintiffs are the wife and children of Charles Hegna, an American murdered in

a 1984 hijacking undertaken by Hezbollah, a terrorist organization supported by the Islamic Republic of Iran. In 2001, the Hegnas obtained a default judgment of $42,000,000 in compensatory damages and $333,000,000 in punitive damages against the Islamic Republic of Iran. *See* Affidavit of Raymond A. Connell, Esq., dated September 15, 2003, at ¶ 4. Thereafter, however, plaintiffs obtained partial recovery on the judgment pursuant to the Victims of Trafficking and Violence Protection Act of 2000, Pub.L. No. 106–386, § 2002, 114 Stat. 1464 ("Victims Protection Act"), which authorizes the United States Government to make payments (derived from certain designated sources of money) to certain judgment holders who have obtained damage awards against countries that sponsor terrorism.

Since the recovery was only partial, plaintiffs now seek to attach and levy upon the former New York residence of the Consul General of Iran, a property that is currently held by the Office of Foreign Missions of the United States Department of State and leased to a private party, one Richard Feigen. While the Islamic Republic of Iran has not entered an appearance, the United States opposes the attachment and Mr. Feigen, as intervenor, asks that if any attachment is granted, it be subject to his lease.

■ As a condition of accepting the aforementioned payment under the Victims Protection Act, the plaintiffs here executed releases that stated as follows:

I hereby relinquish (1) all rights and claims to punitive damages awarded in connection with the claim or claims I brought under 28 U.S.C. 1605(a)(7) and my related interest, costs, and attorneys fees, and (2) all rights to execute against or attach property that is at issue in claims against the United States before

an international tribunal or that is the subject of awards by such tribunal.

68 Fed.Reg. at 8,080–81. Plaintiffs claim, however, that this bar to attachment is here inapplicable because (i) they accepted less than the full amount of compensatory damages awarded in their default judgment, and (ii), in any event, the property here subject to be attached is not "at issue in claims before an international tribunal."

The first argument is entirely without merit, since, prior to the execution of the foregoing releases, Congress passed the Terrorism Risk Insurance Act, Pub.L. 107–297, 116 Stat. 2322 (Nov. 26, 2002), which, *inter alia*, amended the Victims Protection Act to provide that:

"[a]ny person receiving less than the full amount of compensatory damages awarded to that party in a judgment to which this subsection applies shall … be required to relinquish rights [as set forth in the releases]."

Pub.L. No. 107–297, § 201(c), 114 Stat. at 2339. As another district court stated in rejecting the same argument advanced by the same plaintiffs in a separate action:

"This language says nothing about whether the 'less than full amount' must equal the entire amount of the section 2002 payment due to that individual. In fact, the wording appears to be deliberately open and to allow for relinquishment no matter what the size of the partial payment might be."

Memorandum, dated July 25, 2003, *Hegna v. Snow*, Civil Action 03–01479 (D.D.C.) at 16.

■ As for plaintiffs' second argument, there is no dispute that the Islamic Republic of Iran presently has pending before the Iran–United States Claims Tribunal (the "Tribunal") a claim of entitlement to the very property here in issue. Declaration of Lynwood M. Dent, Jr. dated Sep-

tember 15, 2003, at ¶ 16. Plaintiffs maintain, however, that such a dispute does not amount to the property being "at issue" before the Tribunal because the Tribunal does not have jurisdiction over the claim. But a jurisdictional issue is still an issue, and until and unless the Tribunal determines it lacks jurisdiction over Iran's claim to the property, the property is "at issue" before the Tribunal.[1]

Accordingly, for the foregoing reasons, plaintiffs' application for an attachment is hereby denied, and the case dismissed with prejudice. Clerk to enter judgment.

SO ORDERED.

---

1. While it appears that the Tribunal has been extremely dilatory in deciding this issue, plaintiffs' remedy, if any, is to seek, by way of intervention or otherwise, to persuade the Tribunal to act. This Court has no power to declare that by failing to address the issue, the Tribunal has effectively decided that it lacks jurisdiction.