11-1582-cv
Hegna v. Islamic Republic of Iran

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of September, two thousand twelve.

Present:    GUIDO CALABRESI,
            SUSAN L. CARNEY,
                      *Circuit Judges.*[*]

---

EDWENA R. HEGNA, as Executrix of the Estate of Charles Hegna, Late of Sterling, Virginia, and individually, STEVEN A. HEGNA, CRAIG H. HEGNA, LYNN M. HEGNA MOORE, PAUL B. HEGNA,

   *Plaintiffs-Appellants,*

            v.                                      No. 11-1582-cv

ISLAMIC REPUBLIC OF IRAN, THE IRANIAN MINISTRY OF INFORMATION AND SECURITY,

   *Defendants-Appellees.*[**]

---

[*]The third judge originally assigned to the panel was unable to hear the case because of a health issue. In accordance with our local rules, the two remaining members of the panel, who are in agreement, have decided the case. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b); *United States v. Desimone*, 140 F.3d 457, 458-59 (2d Cir. 1998).

[**]The Clerk of the Court is directed to amend the official caption as noted.

| | |
|---|---|
| Appearing for Appellants: | RALPH P. DUPONT (Barbara J. Dupont, *of counsel, on the brief*), The Dupont Law Firm, LLP, Stamford, CT. |
| Appearing for Appellees: | No appearance. |
| Appearing for *Amicus Curiae*: | JOHN D. CLOPPER (Sarah S. Normand, *on the brief*) Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York. |
| | Tony West, Assistant Attorney General; Douglas N. Letter, Lewis Yelin, Attorneys, Appellate Staff, Civil Division, Department of Justice. |
| | Harold Hongju Koh, Legal Adviser; Lisa J. Grosh, Deputy Assistant Legal Adviser; Neha Sheth, Attorney Adviser, Office of the Legal Adviser, Department of State. |

Appeal from the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*). **ON CONSIDERATION WHEREOF,** it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED**.

Plaintiffs-Appellants Edwena R. Hegna, Steven A. Hegna, Craig H. Hegna, Lynn M. Hegna Moore, and Paul B. Hegna (the "Hegnas") appeal from a district court order denying their application to attach certain consular property belonging to Defendant-Appellee the Islamic Republic of Iran ("Iran"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we refer to only as necessary to explain our decision

This case arises out of the 1984 murder of Charles Hegna by members of Hezbollah, a terrorist organization with ties to Iran. In April 2000, the Hegnas filed

suit against Iran and the Iranian Ministry of Information and Security (the "Ministry") in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1605(a)(7) (2000) (repealed 2008), a provision of the Antiterrorism and Effective Death Penalty Act that amended the Foreign Sovereign Immunities Act ("FSIA") to revoke the sovereign immunity of state sponsors of terrorism. In 2002, the Hegnas obtained a default judgment for $42 million in compensatory damages against Iran and the Ministry and $333 million in punitive damages against the Ministry. The Hegnas registered that judgment with the United States District Court for the Southern District of New York and moved for an order attaching the former Manhattan residence of the Consul General of Iran (the "Consular Property").

While the motion was pending, the Hegnas applied for and received payment from the United States Government under the Victims of Trafficking and Violence Protection Act ("VTVPA"), as amended by the Terrorism Risk Insurance Act ("TRIA"). *See* VTVPA, Pub. L. No. 106-386, § 2002, 114 Stat. 1464, 1541-43 (2000); TRIA, Pub. L. No. 107-297, § 201, 116 Stat. 2322, 2337-40 (2002). Those statutes authorize the Secretary of the Treasury to make payments to judgment-creditors of Iran in exchange for the relinquishment of certain rights to collect against Iran directly. *Id.* In connection with their VTVPA application, the Hegnas executed a document titled "Application to Receive Payment of Compensatory Damages" in which they "irrevocabl[y]" relinquished:

> (1) all rights and claims to punitive damages awarded in connection
> with the claim or claims [they] brought under 28 U.S.C. 1605(a)(7) and
> any related interest, costs, and attorneys fees, and (2) all rights to

3

execute against or attach property that is at issue in claims against the United States before an international tribunal or that is the subject of awards by that tribunal.

(the "Release").[1] Following and dependent upon their execution of the Release, the Hegnas received payments from the United States in July and November 2003 totaling more than $8 million.

Shortly after the second payment was made, the district court denied the Hegnas' pending attachment motion because the Consular Property was the subject of a claim before the Iran-United States Claims Tribunal (the "Tribunal"), and the Hegnas had relinquished any right to attach property "at issue" before the Tribunal. *Hegna v. Islamic Republic of Iran*, 299 F. Supp. 2d 229, 230 (S.D.N.Y. 2004).[2] On appeal from that judgment, we affirmed for the same reason, but without prejudice to the Hegnas refiling if and when "the status of the Iranian government's former U.S. property is no longer pending before an international tribunal." *Hegna v. Islamic Republic of Iran*, 402 F.3d 97, 99 (2d Cir. 2005). In so doing, we became the fourth circuit court to hold that, by executing the Release and accepting payment, the Hegnas had relinquished the right to attach property at issue before the Tribunal. *Id.* at 98 (collecting cases from other circuits).

Five years later, in September 2010, the Hegnas filed an Order to Show Cause in the United States District Court for the Southern District of New York again seeking to attach the Consular Property. The Hegnas conceded that the

---

[1]The language of the Release was prescribed by regulation. *See* 68 Fed. Reg. 8077, 8080-81.

[2]The Tribunal was established following the termination of U.S.-Iranian diplomatic relations in connection with the 1979 hostage crisis and was intended to resolve disputes between the two countries, including claims made by individual claimants of one sovereign against the other sovereign. *See Dames & Moore v. Regan*, 453 U.S. 654, 664-65 (1981).

4

Consular Property remained at issue before the Tribunal, but argued that recent changes in FSIA had rendered the Release inoperative. The Hegnas noted that, as part of the National Defense Authorization Act for Fiscal Year 2008 ("NDAA"), Congress repealed 28 U.S.C. § 1605(a)(7) and codified at 28 U.S.C. § 1605A an amended version of § 1605(a)(7)'s exception to sovereign immunity for state sponsors of terrorism. *See* NDAA, Pub. L. No. 110-181, Div. A., Title X, § 1083. Among other things, the recodified provision created a new federal cause of action against state sponsors of terrorism, *see* 28 U.S.C. § 1605A(c), and permitted plaintiffs to convert certain prior actions brought under 28 U.S.C. § 1605(a)(7) into actions under the recodified provision, *see* NDAA, Pub. L. No. 110-181, Div. A., Title X, § 1083(c)(2). On April 29, 2010, the United States District Court for the District of Columbia granted the Hegnas' motion to convert their default judgment from one based on 28 U.S.C. § 1605(a)(7) to one based on 28 U.S.C. § 1605A. *Hegna v. Islamic Republic of Iran*, No. 1:00-cv-00716-HHK (D.D.C. April 29, 2010) (ordering that the Hegnas' default judgment "is to be given effect as if it had been rendered in an action originally filed under 28 U.S.C. § 1605A(c)").[3]

In support of their renewed motion to attach the Consular Property, the Hegnas argued that the Release applied only to judgments entered pursuant to 28 U.S.C. § 1605(a)(7). Once they converted their judgment to one under 28 U.S.C. § 1605A, the Hegnas contended, the Release became inoperative, permitting them to attach the Consular Property even though it remained at issue before the

---

[3]The Government argues as *amicus curiae* that this conversion was improper because the Hegnas did not meet the statutory requirements for conversion. We need not address this issue because, as we explain *infra*, the conversion does not affect the Hegnas' relinquishment of rights.

Tribunal. The district court denied the Hegnas' attachment application, *Hegna v. Islamic Republic of Iran*, 769 F. Supp. 2d 657, 660 (S.D.N.Y. 2011), and the Hegnas appealed. We affirm.

The Release – particularly the clause relinquishing "all rights to execute against or attach property that is at issue in claims against the United States before an international tribunal" – is broad in scope and by its terms "irrevocable" in effect. The Hegnas' argument that the release no longer applies because their judgment against Iran has been converted is at odds with the plain language of the Release, which encompasses "all" rights to execute against property at issue in the Tribunal or that is the subject of awards by the Tribunal, without regard to the statutory basis underlying the judgment. The word "'all' communicates that no right to execute or attach [such] property" survived the Hegnas' receipt of payment under the VTVPA. *Hegna v. Islamic Republic of Iran*, 380 F.3d 1000, 1006 (7th Cir. 2004).

The Hegnas' argument is also at odds with our understanding of Congress' purpose in including a release requirement in the VTVPA, as may be discerned from the VTVPA's language and structure. By requiring judgment holders to relinquish the right to attach property at issue before an international tribunal as a condition of receiving payment under the VTVPA, Congress sought to achieve certainty and stability in managing claims brought by victims of state-sponsored terrorism ancillary to the Executive's conduct of foreign affairs. The Hegnas' argument, if accepted, would defeat this purpose, and yet would have cost the Government $8 million. As the district court observed, "[s]ubjecting such property

6

to attachment by private parties could hinder the United States in its negotiations with sovereign nations and otherwise undermine its conduct of foreign affairs." *Hegna*, 769 F. Supp. 2d at 661.

Our conclusion as to the continuing effect of the Release is confirmed by the Hegnas' inability to point to anything in the later-passed NDAA expressly or impliedly repealing the effect of a relinquishment of rights made under the VTVPA. Nor do they point to anything in the VTVPA suggesting that a release made pursuant to that legislation is limited to claims brought under 28 U.S.C. § 1605(a)(7).[4]

Under the terms of the Release, the Hegnas have relinquished all rights to attach the Consular Property as long as it remains "at issue in claims against the United States before an international tribunal" or "the subject of awards by that tribunal," and they have received $8 million in return. As in our 2005 decision, our decision today is therefore without prejudice to the Hegnas refiling should "the action before the Iran-United States Claims Tribunal be resolved, such that the status of the Iranian government's former U.S. property is no longer pending before an international tribunal." *Hegna*, 402 F.3d at 99.

---

[4] In view of our decision that the Hegnas' release remains operative notwithstanding the technical conversion of their judgment, we need not address the Government's additional arguments as to the immunity of the Consular Property from attachment.

7

We have considered the Hegnas' remaining arguments and find them to be unavailing.  Accordingly, the judgment of the district court is **AFFIRMED**.


                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk